**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF                                                                                      101 WEST LOMBARD STREET
STEPHANIE A. GALLAGHER                                                         BALTIMORE, MARYLAND 21201
UNITED STATES DISTRICT JUDGE                                                               (410) 962-7780
                                                                                                          Fax (410) 962-1812

April 6, 2022

LETTER TO PARTIES

RE:   *Johnnisue C. v. Kijakazi*
        Civil No. SAG-21-2166

Dear Plaintiff and Counsel:

On May 12, 2021, Plaintiff, proceeding *pro se*, filed a complaint in Maryland district court, asserting that the Social Security Administration ("SSA") was negligent and discriminated [against Plaintiff] for wrongfully terminating Plaintiff's "widow benefits" in 1987. ECF No. 3. This case was removed to this Court on behalf of the SSA on August 24, 2021. ECF No. 1. The Commissioner filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or, in the alternative, for Summary Judgment pursuant to FRCP 12(d) and 56. ECF No. 16. I have carefully reviewed the parties' filings, including Plaintiff's Complaint, ECF No. 3, and the Commissioner's Motion to Dismiss, ECF No. 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Commissioner's motion must be granted.

Rule 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling him to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)) (internal citation omitted) (internal quotation marks omitted). In adjudicating a motion to dismiss, the Court considers only those facts and allegations contained on the face of the complaint, FRCP 12(d), with limited exceptions. S*ee Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

In this case, however, I will also consider the Commissioner's attached Declaration of André J. Moore, Social Security Administration Deputy Center Director for the Philadelphia Center for Disability and Programs Support ("Moore Decl."). ECF No. 16-2. Accordingly, because I am considering matters outside the pleadings, I must treat the Commissioner's 12(b)(6) motion as a motion for summary judgment pursuant to FRCP 56.[1] Fed. R. Civ. P. 12(d). In such

---

[1] Courts retain discretion under Rule 12(d) to convert a Rule 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012).

*Johnnisue C. v. Kijakazi*
Civil No. SAG-21-2166
April 6, 2022
Page 2

cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

After receipt of the Commissioner's Motion to Dismiss, ECF No. 16, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 17. This notice alerted Plaintiff to the potential consequences of a failure to respond to the Commissioner's motion.[2] Therefore, I find that Plaintiff received sufficient notice that the Commissioner's motion may be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence pursuant to FRCP 12(d) and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, although Plaintiff's complaint only alleges a withholding of Plaintiff's "widow benefits," ECF 3, two types of Title II benefits are relevant: surviving divorced mother's benefits ("mother's benefits") and aged widow's benefits ("widow's benefits"). Moore Decl. ¶¶ 4, 10, ECF 16-2. Plaintiff received mother's benefits from January 1976 to January 1987, at which time the SSA suspended Plaintiff's mother's benefits when Plaintiff's youngest child (Child A) attained age 16. *Id.* at ¶¶ 4–5. The SSA only suspended and did not terminate Plaintiff's mother's benefits in January 1987, because another child (Child B), for whom Plaintiff is not the mother, was still entitled to benefits under Plaintiff's deceased spouse's earnings record. *Id.* at ¶ 6. The SSA

---

[2] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.*, *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

*Johnnisue C. v. Kijakazi*
Civil No. SAG-21-2166
April 6, 2022
Page 3

terminated Plaintiff's mother's benefits once Child B attained age 16 in September 1988. *Id.* at ¶ 7. The SSA "has no record of [Plaintiff] appealing the agency's suspension of [Plaintiff's] mother's benefits in 1987 nor the termination of [Plaintiff's] benefits in 1988." *Id.* at ¶ 9.

Plaintiff applied for widow's benefits in August 1999. *Id.* at ¶ 10. The SSA withheld Plaintiff's widow's benefits from October 1999 to December 1999 on account of Plaintiff earning $4,901 over the allowable limit. *Id.* at ¶ 11 (citing POMS RS 02501.021, 02501.025D). However, Plaintiff received credit for the three months of benefit withholding, resulting in a higher widow's benefit amount when Plaintiff attained age 62. *Id.* at ¶ 12 (citing Ex. A, ECF 16-3; POMS RS 02501.021C). Again, "[t]here is no record of [Plaintiff] having appealed either the agency's determination finding [Plaintiff] entitled to widow's benefits beginning October 1999, nor the agency's decision to withhold [] benefits from October 1999 to December 1999." *Id.* at ¶ 13. Furthermore, "[t]o date, [Plaintiff] has not filed an application for retirement benefits on [Plaintiff's] own accord." *Id.* at ¶ 15.

The Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust his administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a), *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).

The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* §§ 404.900(a)(5), 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g.*, *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 484-85 (1986), a plaintiff's failure to exhaust his administrative remedies prevents judicial review of the SSA's decision, *see Accident, Injury and Rehab., PC*, 943 F.3d at 200.

Here, the Commissioner argues that Plaintiff's complaint should be dismissed because "Plaintiff is appealing an agency determination for which [Plaintiff] has not exhausted [Plaintiff's] administrative remedies under the Act and has not obtained a final decision of the Commissioner after a hearing before filing this suit." ECF No. 16-1 at 8. The Commissioner states that Plaintiff failed to request reconsideration of the SSA's benefits determinations and attaches a declaration of a SSA deputy center director affirming that the SSA has no record of any administrative appeals. ECF No. 16-1 at 8, ECF No. 16-2.

To date, Plaintiff has taken no action in this case. Plaintiff did not respond to the Commissioner's motion nor submit any evidence as to whether Plaintiff requested reconsideration

*Johnnisue C. v. Kijakazi*
Civil No. SAG-21-2166
April 6, 2022
Page 4

prior to filing the instant complaint.  The Commissioner asserts that "Plaintiff does not even allege that [Plaintiff] appealed the agency's termination of benefits, let alone that [Plaintiff] received a final decision after a hearing" and that "[Plaintiff's] allegations alone thus fail to demonstrate that [Plaintiff] exhausted [all] administrative remedies."  ECF 16-1 at 8.  Considering the foregoing, on the evidence before the Court, a reasonable jury could not find that Plaintiff requested reconsideration.  Summary judgment is therefore appropriate against Plaintiff for failure to exhaust administrative remedies.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 16, is treated as a motion for summary judgment and GRANTED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge